1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE EASTERN DISTRICT OF CALIFORNIA

9

MADELINE SAVAGE,

10

        Plaintiff,

11

   vs.                          No. 2:12-cv-2872 KJM GGH PS

12

HYATT REGENCY SACRAMENTO,

13

        Defendant.           ORDER

14

_____/

15

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma

16

pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule

17

302(21), pursuant to 28 U.S.C. § 636(b)(1).

18

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C.

19

§ 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

20

        The determination that plaintiff may proceed in forma pauperis does not complete

21

the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case

22

at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

23

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

24

an immune defendant.

25

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5    Cir. 1989); Franklin, 745 F.2d at 1227.

6             A complaint must contain more than a "formulaic recitation of the elements of a

7    cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

8    speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

9    "The pleading must contain something more...than...a statement of facts that merely creates a

10   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

11   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

12   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

13   v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

14   S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

15   the court to draw the reasonable inference that the defendant is liable for the misconduct

16   alleged."  Id.

17            Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

18   520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

19   Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

20   plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

21   dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

22            The court cannot determine whether the complaint is frivolous or can be amended

23   to state a claim, because it does not comply with Fed. R. Civ. P. 8.[1]  Rule 8 sets forth general

24   rules of pleading for the Federal Courts.  Rule 8(a) requires complaints to include: (1) the

25

26       [1]  Neither does it comply with Fed. R. Civ. P. 10, governing the form of pleadings.

2

1  grounds upon which the court's jurisdiction rests; (2) a short and plain statement of the claim

2  showing entitlement to relief; and (3) a demand for relief.  The complaint fails to meet the first

3  two of these requirements.

4  The complaint does not allege the basis for this court's jurisdiction.  A less

5  stringent examination is afforded pro se pleadings, Haines, 404 U.S. at 520, 92 S. Ct. at 595, but

6  simple reference to federal law does not create subject-matter jurisdiction.  Avitts v. Amoco

7  Prod. Co., 53 F.3d 690, 694 (5th Cir.1995).  Subject-matter jurisdiction is created only by

8  pleading a cause of action within the court's original jurisdiction.  Id.

9  Here, the complaint contains mostly rambling statements but appears to allege that

10  plaintiff witnessed a Hyatt Regency Hotel employee at her apartment complex hand over VHS

11  tapes to another individual.  When seeing plaintiff, the other individual yelled, "we are so

12  busted!" along with some expletives.  Plaintiff claims that the Hyatt employee threatened her by

13  yelling, "you better watch that ass!"  The complaint alleges that these statements were in

14  retaliation for her prior litigation against the Hyatt Regency where she was employed as a

15  housekeeper.  The complaint then makes some random statements regarding plaintiff's mental

16  disabilities and references discrimination under Title VII and the Americans with Disabilities

17  Act.  Other than these simple references to federal law, plaintiff has failed to state the basis of the

18  court's jurisdiction in the complaint.

19  If plaintiff intends to amend the complaint to state a claim under either Title VII

20  or the ADA, she must set forth allegations entitling her to relief.

21  Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., makes it an

22  unlawful employment practice for an employer to "fail or refuse to hire or to discharge any

23  individual, or otherwise to discriminate against any individual with respect to his compensation,

24  terms, conditions, or privileges of employment, because of such individual's *race, color,*

25  *religion, sex, or national origin*."  Id., § 2000e-2(a)(1) (emphasis added).  If the employer

26  permits the work environment to be permeated by hostility based on the emphasized protected

1  categories, this hostile work environment itself violates Title VII.  Meritor Savings Bank v.

2  Vinson, 477 U.S. 57, 106 S.Ct. 2399 (1986).

3          A plaintiff may state a claim by alleging that she previously engaged in a

4  protected activity under Title VII, and was retaliated against on account of engaging in the

5  protected activity.  This she has not done.

6          A plaintiff filing a complaint under Title VII has ninety days to file the complaint

7  in federal court after receipt of the EEOC's right to sue letter.  See 42 U.S.C. § 2000e-16(c); 29

8  C.F.R. § 1614.408(c).[2]  An EEOC charge must be filed within 180 days of the last discriminatory

9  act (or within 300 days in a state, such as California, which has its own anti-discrimination laws

10  and agency).  See  42 U.S.C. S 2000e-1.

11          Here, plaintiff has not alleged that she is a member of a class protected by Title

12  VII or that the Hyatt Regency discriminated against her on this basis.  In fact, plaintiff makes no

13  specific claims against the hotel itself.  She has also failed to allege that she has filed an EEOC

14  claim and that this process is completed.

15          Plaintiff has also failed to state a claim under Title I of the Americans with

16  Disabilities Act ("ADA"), enacted in 1990, 42 U.S.C. §§ 12101 et seq., which precludes

17  discrimination by an employer against "a qualified individual with a disability because of the

18  disability."  Id., § 12112(a).  The ADA defines "qualified individual with a disability" as an

19  "individual with a disability who, with or without reasonable accommodation, can perform the

20  essential functions of the employment position that such individual holds or desires."  42 U.S.C.

21  § 12111(8).  "In order to prevail on an employment termination [or refusal to hire] claim under

22  the ADA, a plaintiff must establish:  (1) that he is a disabled person within the meaning of the

23  ADA;  (2) that he is qualified, that is, with or without reasonable accommodation (which he must

24  _____

25      [2]   In addition, a plaintiff must file an EEOC complaint within 300 days of the alleged
    violation.  See 42 U.S.C. § 2000e-5(e); 29 C.F.R. § 1601.13; Draper v.Coeur Rochester, Inc., 147
26  F.3d 1104, 1107 (9th Cir. 1998).  This requirement effectively serves as a statute of limitations
    for the filing of Title VII claims.  See Draper, 147 F.3d at 1107.

1    describe), he is able to perform the essential functions of the job; and (3) that the employer

2    terminated [or refused to hire] him because of his disability.  A plaintiff bears the burden of

3    demonstrating that []he can perform the essential functions of [his] job with or without

4    reasonable accommodation."  Kennedy v. Applause, 90 F.3d 1477, 1481 (9th Cir. 1996) (internal

5    citations and fn. omitted).

6              Plaintiff makes no allegations against the Hyatt Regency Hotel, only against one

7    of its employees who was not necessarily acting as its agent at the time of the alleged incident.

8    She refers to her mental disability but has not pled any facts meeting the aforementioned

9    requirements of the ADA.  For example, plaintiff does not allege that her disability is one

10   recognized by the ADA, that she is qualified to perform the essential functions of the job she

11   held with or without accommodation, that she can perform the essential functions of the

12   housekeeping job with reasonable accommodations that do not impose undue hardship on

13   defendant, see 29 C.F.R. § 1630.2,[3] or that defendant made her job "a living nightmare" because

14   _____

15       [3] The ADA's implementing regulations provide in pertinent part (29 C.F.R. § 1630.2
     (emphasis added)):

16   . . .  (g) **Disability means**, with respect to an individual--
     (1) A physical or mental impairment that substantially limits one or more of the major life
17   activities of such individual;
     (2) A record of such an impairment; or
18   (3) Being regarded as having such an impairment.

19   . . . (h) **Physical . . . impairment means**:
     (1) Any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting
20   one or more of the following body systems: neurological, musculoskeletal . . .

21   . . . (i) **Major Life Activities means** functions such as caring for oneself, performing manual
     tasks, walking, seeing, hearing, speaking, breathing, learning, and working.
22
     . . . (j)(1) The term **substantially limits means**:
23   (i) Unable to perform a major life activity that the average person in the general population can
     perform; or
24   (ii) Significantly restricted as to the condition, manner or duration under which an individual can
     perform a particular major life activity as compared to the condition, manner, or duration under
25   which the average person in the general population can perform that same major life activity.

26    . . . (m) **Qualified individual with a disability means** an individual with a disability who

1  of her disability.

2         The requirement of a short and plain statement means a complaint must include

3  "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever

4  v. Block, 932 F.2d 795, 798 (9th Cir. 1991); 5 C. Wright & A. Miller, Federal Practice and

5  Procedure § 1202 (2d ed. 1990).  Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645

6  (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice

7  requirement of  Rule 8.)  Here, the complaint does not contain sufficient allegations to put

8  defendants fairly on notice.  The allegation that a Hyatt employee was seen giving tapes to a non-

9  Hyatt employee does not serve to make any allegations against the Hyatt Regency Hotel.  There

10  are no specific allegations that the Hyatt was involved in any of the asserted activity.  See Conley

11  v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957); Richmond v. Nationwide

12  Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (vague and scanty allegations fail to satisfy the

13  notice requirement of  Rule 8).  Furthermore, the complaint is not simple, concise, or direct, as

14  evidenced by its sheer length.  See Hatch v. Reliance Ins. Co., 758 F.2d 409, 415 (9th Cir. 1985)

15  (affirming dismissal of complaint exceeding 70 pages including attachments as confusing and

16  conclusory).

---

18  satisfies the requisite skill, experience, education and other job-related requirements of the
    employment position such individual holds or desires, and who, with or without reasonable
19  accommodation, can perform the essential functions of such position.

20  . . . (n) . . . The term **essential functions means** the fundamental job duties of the employment
    position the individual with a disability holds or desires. The term "essential functions" does not
21  include the marginal functions of the position.

22  . . . (o) Reasonable accommodation.
    (1) The term **reasonable accommodation means**:
23  (i) Modifications or adjustments to a job application process that enable a qualified applicant
    with a disability to be considered for the position such qualified applicant desires; or
24  (ii) Modifications or adjustments to the work environment, or to the manner or circumstances
    under which the position held or desired is customarily performed, that enable a qualified
25  individual with a disability to perform the essential functions of that position; or
    (iii) Modifications or adjustments that enable a covered entity's employee with a disability to
26  enjoy equal benefits and privileges of employment as are enjoyed by its other similarly situated
    employees without disabilities.

1    Although the complaint does state the relief sought, plaintiff has failed to comply

2  with the remainder of Fed. R. Civ. P. 8(a), and therefore the complaint must be dismissed.  The

3  court will, however, grant leave to file an amended complaint.

4    Plaintiff is informed the court cannot refer to prior pleadings in order to make an

5  amended complaint complete.  Local Rule 220 requires that an amended complaint be complete

6  in itself.  This is because, as a general rule, an amended complaint supersedes the original

7  complaint.  See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997), overruled in part

8  on other grounds, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

9  Accordingly, once plaintiff files an amended complaint, the original no longer serves an

10  operative function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the

11  original complaint which are not alleged in the amended complaint," London v. Coopers &

12  Lybrand, 644 F.2d 811, 814 (9th Cir.1981), and defendants not named in an amended complaint

13  are no longer defendants, Ferdik v. Bonzelet, 963 F.2d at 1258, 1262 (9th Cir. 1992).

14    Accordingly, the court will dismiss plaintiff's complaint, but with leave to

15  amend.  If plaintiff chooses to amend, plaintiff must set forth the jurisdictional grounds upon

16  which the court's jurisdiction depends.  Fed. R. Civ. P. 8(a).  Further, plaintiff must demonstrate

17  how the conduct complained of has resulted in a deprivation of plaintiff's federal rights utilizing

18  the standards set forth above.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

19    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

20  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

21  complaint be complete in itself without reference to any prior pleading.  This is because, as a

22  general rule, an amended complaint supersedes the original complaint.  See Forsyth v. Humana,

23  Inc., 114 F.3d 1467, 1474 (9th Cir.1997), overruled in part on other grounds, Lacey v. Maricopa

24  County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  Once plaintiff files an amended complaint,

25  the original pleading no longer serves an operative function in the case.  Therefore, in an

26  amended complaint, as in an original complaint, each claim and the involvement of each

1  defendant must be sufficiently alleged.

2          Good cause appearing, IT IS ORDERED that:

3          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

4          2.  Plaintiff's complaint is dismissed for the reasons discussed above, with leave

5  to file an amended complaint within twenty-eight (28) days from the date of service of this Order.

6  Failure to file an amended complaint will result in a recommendation that this action be

7  dismissed.

8  DATED: April 8, 2013

9

10                  /s/ Gregory G. Hollows
          UNITED STATES MAGISTRATE JUDGE

11  GGH:076/Savage2872.ifp.amend.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26