UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MADELINE SAVAGE,

    Plaintiff,

  v.

HYATT REGENCY CORPORATION,

    Defendant.

No. 2:12-cv-2872 KJM GGH PS

ORDER

       Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

       By order of April 8, 2013, plaintiff was informed of the deficiencies in her complaint and directed to file an amended complaint.  Plaintiff's amended complaint, filed May 2, 2013, is before the court.

       The amended complaint now alleges that the Hyatt Regency Hotel, where plaintiff was employed as a housekeeper from 2005 until her involuntary termination on August 30, 2009, discriminated against her on the basis of race and her "learning delay disorder" disability through the actions of its employees.  The complaint no longer references Title VII and the Americans with Disabilities Act, as did the original complaint.  Rather, the amended complaint asserts wrongful termination in violation of public policy pursuant to various California statutes.

1      The court is unable to determine a jurisdictional basis for this action. A federal court is a
2 court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution
3 and by Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673,
4 1675 (1994). U.S. Const. Art. III, § 1 provides that the judicial power of the United States is
5 vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time
6 ordain and establish." Congress therefore confers jurisdiction upon federal district courts, as
7 limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S.
8 Ct. 2206, 2212 (1992). Lack of subject matter jurisdiction may be raised at any time by either
9 party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593,
10 594-95 (9th Cir. 1996).

11      The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal
12 question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject
13 matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J.
14 Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Unless a complaint presents a plausible
15 assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v.
16 Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945). A federal claim which is so insubstantial as
17 to be patently without merit cannot serve as the basis for federal jurisdiction. See Hagans v.
18 Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

19      For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff's state citizenship
20 must be diverse from each defendant, and the amount in controversy must exceed $75,000. For
21 federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise
22 under a federal law or the United States Constitution, (2) allege a "case or controversy" within the
23 meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute. Baker v. Carr, 369
24 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

25      In her amended complaint, plaintiff has failed to allege a violation of a federal statute,
26 such as Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., or the ADA. Nor
27 has plaintiff alleged diversity jurisdiction. Other than generalized retaliation and allegations of
28 racial discrimination and unfair treatment for being "very slow," plaintiff has alleged no legal

theory other than violation of public policy. Nor has plaintiff alleged diversity jurisdiction, which may not be applicable here, as plaintiff and defendant may not be citizens of different states. Since the only claim in the amended complaint is for a state law violation, the complaint may not go forward in this court without diversity jurisdiction.

Plaintiff will be given one last opportunity to amend her complaint. If she intends to file a second amended complaint which states a claim under either Title VII or the ADA, she must set forth allegations entitling her to relief.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., makes it an unlawful employment practice for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." Id., § 2000e-2(a)(1) (emphasis added). If the employer permits the work environment to be permeated by hostility based on the emphasized protected categories, this hostile work environment itself violates Title VII. Meritor Savings Bank v. Vinson, 477 U.S. 57, 106 S. Ct. 2399 (1986).

A plaintiff may state a claim by alleging that she previously engaged in a protected activity under Title VII, and was retaliated against on account of engaging in the protected activity. This she has not done.

An EEOC charge must be filed within 180 days of the last discriminatory act (or within 300 days in a state, such as California, which has its own anti-discrimination laws and agency). See 42 U.S.C. S 2000e-1. A plaintiff filing a complaint under Title VII has ninety days to file the complaint in federal court after receipt of the EEOC's right to sue letter. See 42 U.S.C. § 2000e-5 (f)(1); 29 C.F.R. § 1614.407(c).

In the amended complaint, plaintiff has now alleged that she is a member of a protected class and that the Hyatt Regency discriminated against her on the basis of race. Plaintiff has not, however, asserted that other employees who were treated differently, such as the lady who came to work fifteen minutes after plaintiff but did not get reprimanded, were not African American. See Doc. No. 4 at 11. Most importantly, however, she has continued to fail to allege that she has

3

filed an EEOC claim and that this process is completed.

It is not clear from the amended complaint whether plaintiff intends to state a claim under Title I of the Americans with Disabilities Act ("ADA"), enacted in 1990, 42 U.S.C. §§ 12101 et seq., which precludes discrimination by an employer against "a qualified individual with a disability because of the disability." Id., § 12112(a). The ADA defines "qualified individual with a disability" as an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "In order to prevail on an employment termination [or refusal to hire] claim under the ADA, a plaintiff must establish: (1) that he is a disabled person within the meaning of the ADA; (2) that he is qualified, that is, with or without reasonable accommodation (which he must describe), he is able to perform the essential functions of the job; and (3) that the employer terminated [or refused to hire] him because of his disability. A plaintiff bears the burden of demonstrating that []he can perform the essential functions of [his] job with or without reasonable accommodation." Kennedy v. Applause, 90 F.3d 1477, 1481 (9th Cir. 1996) (internal citations and fn. omitted).

Plaintiff makes no claim whatsoever under the ADA, and only mentions her learning disability and being "very slow" in passing. Plaintiff has not pled any facts meeting the aforementioned requirements of the ADA. For example, plaintiff does not allege that her disability is one recognized by the ADA, that she is qualified to perform the essential functions of the job she held with or without accommodation, that she can perform the essential functions of the housekeeping job with reasonable accommodations that do not impose undue hardship on defendant, see 29 C.F.R. § 1630.2,[1] or that defendant made her job "a living nightmare" because

---

[1] The ADA's implementing regulations provide in pertinent part (29 C.F.R. § 1630.2 (emphasis added)):

. . . (g) Disability means, with respect to an individual--
(1) A physical or mental impairment that substantially limits one or more of the major life activities of such individual;
(2) A record of such an impairment; or
(3) Being regarded as having such an impairment.

4

of her disability.

For the reasons set forth above, the amended complaint must be dismissed, and plaintiff will be given one final opportunity to file a second amended complaint. If plaintiff chooses to amend, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights utilizing the standards set forth above. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). If plaintiff seeks to proceed with only a state law claim such as wrongful termination in violation of public policy, she must properly allege

---

. . . (h) Physical . . . impairment means:
(1) Any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal . . .

. . . (i) Major Life Activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.

. . . (j)(1) The term substantially limits means:
(i) Unable to perform a major life activity that the average person in the general population can perform; or
(ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

. . . (m) Qualified individual with a disability means an individual with a disability who satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires, and who, with or without reasonable accommodation, can perform the essential functions of such position.

. . . (n) . . . The term essential functions means the fundamental job duties of the employment position the individual with a disability holds or desires. The term "essential functions" does not include the marginal functions of the position.

. . . (o) Reasonable accommodation.
(1) The term reasonable accommodation means:
(i) Modifications or adjustments to a job application process that enable a qualified applicant with a disability to be considered for the position such qualified applicant desires; or
(ii) Modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position; or
(iii) Modifications or adjustments that enable a covered entity's employee with a disability to enjoy equal benefits and privileges of employment as are enjoyed by its other similarly situated employees without disabilities.

diversity jurisdiction.

Plaintiff is informed the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997), overruled in part on other grounds, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Accordingly, once plaintiff files an amended complaint, the original no longer serves an operative function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.1981), and defendants not named in an amended complaint are no longer defendants, Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

Good cause appearing, IT IS ORDERED that: Plaintiff's amended complaint is dismissed for the reasons discussed above, with leave to file a second amended complaint within twenty-eight (28) days from the date of service of this Order. Failure to file a second amended complaint will result in a recommendation that this action be dismissed.

Dated: July 8, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Savage2872.amd